IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Payphone Association of Ohio Inc., et al., ) | CASE NO.: 1:06 CV 1928 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| O'Keefe, Ashenden, Lyons and Ward, et al.. ) | |
| ) | <u>MEMORANDUM OPINION</u> |
| Defendants. ) | <u>AND ORDER</u> |
| ) | |

This matter is before the Court on Defendant O'Keefe, Ashenden, Lyons & Ward, nka O'Keefe, Lyons & Hynes, LLC ("O'Keefe"), and Defendant Henry T. Kelly's ("Kelly") Partial Motion to Dismiss Amended Complaint and Intervenor's Complaint. (ECF #26). Plaintiffs filed a motion in opposition and the parties filed a reply and a surreply, respectively.[1] (ECF # 51, 52, 53). The Defendants seek to eliminate the legal malpractice claims asserted by the New Plaintiffs and the Intervening Plaintiff[2] (hereinafter the New Plaintiffs and the Intervening

---

[1] Intervening plaintiff, Charles F. Hart Communications, Inc. did not respond to the Motion for Partial Dismissal.

[2] The "New Plaintiffs" include Annabelle Communication, American Communications, North Coast Payphones, Inc., Northeast Ohio Telephone, Inc., One Touch Payphones, Ltd., Phones Unlimited, Inc., Greg Hart Consulting, Inc., Buckeye Payphone Service, Inc., and Communication Connection. Charles F. Hart Communications, Inc. intervened.

Plaintiff will be jointly referred to as the "New Plaintiffs"). After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss is DENIED.

### **FACTUAL AND PROCEDURAL OVERVIEW[3]**

The Defendants' represented the Payphone Association of Ohio, Inc. in the Public Utilities Commission of Ohio ("PUCO") proceedings, case no. 96-1310-TP-COT. (ECF #1). These proceedings addressed issues relating to the rates that were being charged to the PAO's members by SBC and other local exchange carriers. Defendants represented the PAO in these matters up until September 18, 2001.

The PAO filed suit against the Defendants on May 7, 2003, alleging legal malpractice during the course of the PUCO proceedings. (Court of Common Pleas Median County Case No.: 03 CIV 0618). It was removed to Federal Court on June 10, 2003. (Case No. 03 CV 1165, ECF #1). Plaintiff filed a motion for leave to join the New Plaintiffs on May 7, 2004.[4] The case was dismissed without prejudice on July 30, 2004 pending the exhaustion of all appeals in the underlying PUCO proceedings. The dismissal included an instruction that all issues pending before the Court at the time of dismissal, including the motion for leave to add the New

---

[3] The facts as stated in this Memorandum and Order are taken from the Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

[4] The motion sought leave to join the New Plaintiffs under Fed. Rules of Civ. Pro. 19(a) and/or 20(a). The Defendants cited law relating to Fed. Rules of Civ. Pro. 15 and 16 in its opposition. The court's eventual decision was a marginal ruling that did not specify the applicable rule.

Plaintiffs, would be tolled pending the re-opening of the matter, after the exhaustion of the PUCO appeals.

In August of 2006 the PUCO appeals had terminated and the case was re-opened under the current case number. (ECF #1). In December of 2006, the PAO renewed its motion to join its individual members ( the New Plaintiffs) as named plaintiffs in the suit. (ECF #14). This Court granted the motion for joinder, and an Amended Complaint and an Intervenor's Complaint were filed by PAO members in March of 2007. (ECF #18, 21, 22). Defendants then Answered the Amended Complaint and filed a Partial Motion to Dismiss seeking to have the PAO members dismissed from the case. (ECF #25, 26).

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds for the entitlement to relief, which requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In

other words,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also, Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.  In deciding a Rule 12(b)(6) motion, this Court need not determine whether the complaining party will prevail in the matter but only whether it is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **ANALYSIS**

Defendants make two arguments for dismissing the legal malpractice claims of the New Plaintiffs.  The first is that these plaintiffs failed to allege that they have an attorney-client relationship with the Defendants, or that they are in privity with the PAO (who did have a such a relationship with the Defendants).  The second is that the New Plaintiffs' claims are time barred because they were not added until several years after the expiration of the statute of limitations, and they were not a party to the tolling agreement that preserved the PAO's claims beyond the one year statute of limitations period for legal malpractice.

### 1. Attorney-Client Relationship

A party may maintain a claim for legal malpractice against an attorney if he can show (1) an

attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney*, 43 Ohio St.3d 103, 105 (1989). In some instances, the first element – an attorney-client relationship – may be satisfied by a third-party who is in privity with the attorney's client. *See Scholler v. Scholler*, 10 Ohio St.3d 98 (1984). There is no dispute in this case that the PAO was a direct client of the defendants, and that the defendants owed them a duty. However, the parties disagree as to whether the Complaint sufficiently alleges privity between the New Plaintiffs and the PAO such that the defendants would have also owed a duty to the New Plaintiffs.

The Complaint alleges that the PAO is a non-profit Ohio corporation whose purpose is to protect and represent the interests of its members (the New Plaintiffs). It further claims that the PAO hired the Defendants *on behalf of itself and its members* to provide legal services and representation in a PUCO action. (Emphasis added)(Complaint ¶¶ 1, 5). Whether or not privity *actually* existed between the PAO and each individual member is a question of fact that will have to be established by the evidence at a later stage in the proceedings. However, these allegations are sufficient, at the original pleading stage, to allege privity between the PAO and its members with regard to the legal representation provided by the defendants. Therefore, dismissal would be inappropriate at this juncture.

### 2. Statute of Limitations

The Defendants also claim that the New Plaintiffs' claims should be dismissed because the statute of limitations has expired. The Ohio Revised Code § 2305.11 sets forth a one-year statute of limitations for legal malpractice claims. The one year period commences upon the termination

of the attorney-client relationship, or upon the occurrence of a cognizable event which provide the client with notice of the alleged malpractice, whichever happens later. *Zimmie v. Calfee, Halter & Griswold*, 42 Ohio St. 3d 54 (1989)(syllabus).

According to the Complaint, the one year period in this case would have commenced on or about September 18, 2001. In the absence of any tolling provisions, the New Plaintiffs' claims would have expired on or about September 18, 2002. The motion for leave to add the New Plaintiffs was originally filed on May 7, 2004, and was renewed on December 1, 2006. The New Plaintiffs did not officially enter the case until March 15, 2007, when the Amended Complaint was filed. Defendants argue that the New Plaintiffs were not party to any tolling agreement and they have, therefore, clearly missed the one year statute of limitations. The New Plaintiffs contend that the statute of limitations was tolled at various times by agreement and by court order. Specifically they argue that the Federal Rules of Civil Procedure provide that their claims should relate back to the filing of the original complaint on May 7, 2003, and that the original Complaint was timely filed under the tolling agreement between the parties.

The first question to be addressed is whether or not an amended complaint adding additional Plaintiffs relates back to the filing of the original complaint for statute of limitations purposes. Federal Rules of Civil Procedure 19 and 20 govern when it is appropriate to join additional parties in a litigation. Rule 16 gives the court the power to limit the time in which such joinder may be accomplished (vis a vis the case management schedule). None of these rules, however, authorizes a circumvention of the statute of limitations applicable in any particular action. Federal Rule of Civil Procedure 15 addresses the statute of limitations issue as it relates to amended pleadings.

The relevant portion of Rule 15 states that:

-6-

> [a]n amendment of a pleading relates back to the date of the original pleading when
>> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>> (3) the amendment changes the party or the naming of a party against whom a claim is asserted if the foregoing provision (2) is satisfied . . .

The Plaintiffs do not claim that the statute of limitations for attorney malpractice specifically allows for the application of the relation back provisions in the Federal Rules of Civil Procedure, so the first means of obtaining a relation back is not applicable in this case.  The third ground is also inapplicable, as the amendment at issue did not change a party or the name of a party against whom a claim has been asserted.[5]  This leaves the second ground which requires that the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original.  The claims asserted by the New Plaintiffs easily satisfy this requirement.  Their claims of malpractice are premised on the exact same conduct, transactions and occurrences as the claim originally filed by the PAO.  The claims are identical in every way, except for the identification of the plaintiff(s).  Therefore, pursuant to Fed. R. Civ. P. 15(c), the Amended Complaint, should relate back to date of the original filing, May 7, 2003.

We must next decide whether the New Plaintiffs claims were timely as of May 7, 2003.  According to the Complaint, the attorney-client relationship at issue in this case terminated on September 18, 2001.  Therefore, the statute of limitations would ordinarily have run on September 18, 2002.  However, on August 15, 2002, the PAO entered into a tolling agreement with the

---

[5] While a counterclaim was filed against the PAO, no claims have been asserted against the New Plaintiffs.

Defendants extending the statute of limitations period.  Though the Complaint gives no indication of how long the tolling agreement was to be in effect, no one has disputed that the filing of the PAO's Complaint on May 7, 2003 was timely under that agreement.  The Defendants argue that the New Plaintiffs were not parties to this tolling agreement and that, therefore, their claims, even if related back to the May 7, 2003 original filing date, would not have been timely.  The New Plaintiffs argue that because they were in privity with the PAO at the time the tolling agreement was entered into, their claims were also covered by the agreement.

The answer to this dispute cannot be determined at this stage of litigation.  As set forth above in the discussion relating to the attorney-client relationship, the New Plaintiffs have sufficiently alleged that they were in privity with PAO, and privity is a question of fact that cannot be determined at this stage of the litigation as a matter of law.  For purposes of this motion, then, we must assume that privity existed and that the tolling agreement applied equally to the PAO and the New Plaintiffs.  As there is no argument that the original Complaint was not timely filed under the tolling agreement, if the claims in the Amended Complaint relate back to the filing of the original Complaint, they too would have been timely filed.   This does not eliminate the statute of limitations issue from the case, however.  The issue of privity and/or the terms of the original tolling agreement could be further challenged in a motion for summary judgment or at trial.  If it is determined that the PAO and the New Plaintiffs were not in privity with regard to the formation of the tolling agreement, or that the tolling agreement did not extend through the May 7, 2003 filing, then the New Plaintiffs' claims would be barred under the statute of limitations.  Nonetheless, for purposes of this Motion to Dismiss, we must accept the facts as set forth in the Complaint and must construe all inferences in favor of the New Plaintiffs as the non-moving party.  The Motion to

Dismiss must, therefore, be denied on these grounds.

## **CONCLUSION**

For the reasons set forth above, the Defendants' Partial Motion to Dismiss Amended Complaint and Intervenor's Complaint (ECF #26) is hereby DENIED.  IT IS SO ORDERED.

      S/Donald C. Nugent
      Judge Donald C. Nugent
      Northern District of Ohio

Date:   December 13, 2007